IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AAREN WILLIAMS STRIPLIN,

    Plaintiff,

  v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

No. C 12-6418 CW

AMENDED ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

    Plaintiff Aaren Williams has applied to proceed in forma pauperis. The matter was decided on the papers. Having considered all of the papers filed by Plaintiff, the Court DENIES the application.

    The Ninth Circuit has indicated that leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has demonstrated poverty and has presented a claim that is not factually or legally frivolous within the definition of § 1915(e)(2)(B). See O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). Thus, the court "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Id. (quoting Reece v. Washington, 310 F.2d 139, 140 (9th Cir. 1962); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965). An in forma pauperis complaint is frivolous if it has "no arguable basis in fact or law." O'Loughlin, 920 F.2d at 617;

1 Tripati, 821 F.2d at 1379; Franklin v. Murphy, 745 F.2d 1221, 1228
2 (9th Cir. 1984).
3     The Supreme Court has held that dismissal prior to service
4 under 28 U.S.C. § 1915(e)(2)(B) is appropriate where no legal
5 interest is implicated, i.e., the claim is premised on a meritless
6 legal theory, or clearly lacking any factual basis. See Neitzke
7 v. Williams, 490 U.S. 319, 324 (1989). Section 1915(e)(2)(B)
8 accords judges the unusual power to pierce the veil of the
9 complaint's factual allegations and dismiss those claims premised
10 on factual contentions that are clearly baseless. See Denton v.
11 Hernandez, 504 U.S. 25, 32 (1992). To pierce the veil of the
12 complaint's factual allegations means that a court is not bound,
13 as it usually is when making a determination based solely on the
14 pleadings, to accept without question the truth of the plaintiff's
15 allegations. But, this initial assessment of the in forma
16 pauperis plaintiff's factual allegations must be weighted in favor
17 of the plaintiff. See id. A frivolousness determination cannot
18 serve as a factfinding process for the resolution of disputed
19 facts, and the complaint may not be dismissed simply because the
20 court finds the plaintiff's allegations unlikely or improbable.
21 See id. A finding of factual frivolousness is appropriate when
22 "the facts alleged are 'clearly baseless' . . . a category
23 encompassing allegations that are 'fanciful,' 'fantastic,' and
24 'delusional,'" id. (citations omitted), or "rise to the level of
25 the irrational or the wholly incredible, whether or not there are
26 judicially noticeable facts available to contradict them." Id.
27     Because a dismissal pursuant to § 1915(e)(2)(B) is not a
28 dismissal on the merits, but rather an exercise of the court's

discretion under the in forma pauperis statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. See id.

The Court finds that Plaintiff's complaint is frivolous. Plaintiff names "Social Security Income/Supplimental [sic] Security Income" as Defendant in this case. Plaintiff complains both that he was "given $900+ at first . . . reduced to around $800.00 plus when I complained" and also that his claim for SSI was denied and he was not given the opportunity to appeal the denial. Plaintiff seeks $1.5 million, back pay to the date he applied for SSI in 2005, and an increase in his SSI payments to $9,000 monthly. Because Plaintiff's complaint is frivolous and without merit, the Court DENIES Plaintiff's request to proceed in forma pauperis.

IT IS SO ORDERED.

Dated: 12/28/2012

CLAUDIA WILKEN
United States District Judge