<div style="writing-mode: vertical"><strong>United States District Court</strong><br>For the Northern District of California</div>

1          IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  AAREN WILLIAMS STRIPLIN,                    No. C 12-6418 CW

5          Plaintiff,                          AMENDED ORDER
                                               DENYING
6     v.                                       APPLICATION TO
                                               PROCEED IN FORMA
7  SOCIAL SECURITY ADMINISTRATION,             PAUPERIS

8          Defendant.

9  _____/

10

11        Plaintiff Aaren Williams Striplin has applied to proceed

12  in forma pauperis.  The matter was decided on the papers.  Having

13  considered all of the papers filed by Plaintiff, the Court DENIES

14  the application.

15       The Ninth Circuit has indicated that leave to proceed in

16  forma pauperis pursuant to 28 U.S.C. § 1915(a) is properly granted

17  only when the plaintiff has demonstrated poverty and has presented

18  a claim that is not factually or legally frivolous within the

19  definition of § 1915(e)(2)(B).  See O'Loughlin v. Doe, 920 F.2d

20  614, 616 (9th Cir. 1990); Tripati v. First Nat'l Bank & Trust, 821

21  F.2d 1368, 1370 (9th Cir. 1987).  Thus, the court "may deny leave

22  to proceed in forma pauperis at the outset if it appears from the

23  face of the proposed complaint that the action is frivolous or

24  without merit."  Id. (quoting Reece v. Washington, 310 F.2d 139,

25  140 (9th Cir. 1962); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir.

26  1965).  An in forma pauperis complaint is frivolous if it has "no

27  arguable basis in fact or law."  O'Loughlin, 920 F.2d at 617;

28

**United States District Court**
For the Northern District of California

1  Tripati, 821 F.2d at 1379; Franklin v. Murphy, 745 F.2d 1221, 1228

2  (9th Cir. 1984).

3      The Supreme Court has held that dismissal prior to service

4  under 28 U.S.C. § 1915(e)(2)(B) is appropriate where no legal

5  interest is implicated, i.e., the claim is premised on a meritless

6  legal theory, or clearly lacking any factual basis.  See Neitzke

7  v. Williams, 490 U.S. 319, 324 (1989).  Section 1915(e)(2)(B)

8  accords judges the unusual power to pierce the veil of the

9  complaint's factual allegations and dismiss those claims premised

10  on factual contentions that are clearly baseless.  See Denton v.

11  Hernandez, 504 U.S. 25, 32 (1992).  To pierce the veil of the

12  complaint's factual allegations means that a court is not bound,

13  as it usually is when making a determination based solely on the

14  pleadings, to accept without question the truth of the plaintiff's

15  allegations.  But, this initial assessment of the in forma

16  pauperis plaintiff's factual allegations must be weighted in favor

17  of the plaintiff.  See id.  A frivolousness determination cannot

18  serve as a factfinding process for the resolution of disputed

19  facts, and the complaint may not be dismissed simply because the

20  court finds the plaintiff's allegations unlikely or improbable.

21  See id.   A finding of factual frivolousness is appropriate when

22  "the facts alleged are 'clearly baseless' . . . a category

23  encompassing allegations that are 'fanciful,' 'fantastic,' and

24  'delusional,'"  id. (citations omitted), or "rise to the level of

25  the irrational or the wholly incredible, whether or not there are

26  judicially noticeable facts available to contradict them."  Id.

27      Because a dismissal pursuant to § 1915(e)(2)(B) is not a

28  dismissal on the merits, but rather an exercise of the court's

2

United States District Court

For the Northern District of California

1  discretion under the in forma pauperis statute, the dismissal does

2  not prejudice the filing of a paid complaint making the same

3  allegations.  See id.

4      The Court finds that Plaintiff's complaint is frivolous.

5  Plaintiff names "Social Security Income/Supplimental [sic]

6  Security Income" as Defendant in this case.  Plaintiff complains

7  both that he was "given $900+ at first . . . reduced to around

8  $800.00 plus when I complained" and also that his claim for SSI

9  was denied and he was not given the opportunity to appeal the

10  denial.  Plaintiff seeks $1.5 million, back pay to the date he

11  applied for SSI in 2005, and an increase in his SSI payments to

12  $9,000 monthly.  Because Plaintiff's complaint is frivolous and

13  without merit, the Court DENIES Plaintiff's request to proceed in

14  forma pauperis.

15

16      IT IS SO ORDERED.

17

18  Dated:  12/28/2012

19                                CLAUDIA WILKEN
                                 United States District Judge

20

21

22

23

24

25

26

27

28

3